IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES WILLIAM WALKER, | CV 24-69-BU-DWM |
| Petitioner, | |
| vs. | ORDER |
| MONTANA EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY, | |
| Respondent. | |

Pending before the Court is a petition for writ of habeas corpus filed by state pro se petitioner James William Walker ("Walker"). (Doc. 1). Walker did not use the Court's standard form.

The crux of Walker's argument seems to be that he is actually innocent of the underlying state judgment of conviction. He asserts that the State of Montana engaged in misconduct while charging and prosecuting him. (*Id.* at 1-3.) Walker apparently filed a civil proceeding in the Eighteenth Judicial District Court which was been ignored and then, according to Walker, the matter was improperly closed. (*Id.* at 3-5.) He seeks an order from this Court compelling the state district court to

1

provide him access to the state court system and allow his claims to be adjudicated on their merits. (*Id.*) In support of his petition, Walker has provided over 100 pages of various documents from his state court proceedings. *See* (Doc. 1-1.)

## I.     Motion to Proceed in Forma Pauperis

Walker seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Walker's inmate account statement indicates he does not have funds available to pay the costs associated with this action. The motion will be granted.

## II.     28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.; see also 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition of portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

**Background**

In 2017, Walker was convicted in Montana's Eighteenth Judicial District, Gallatin County, of aggravated assault. Walker challenged his judgment of conviction by filing a federal habeas petition pursuant to 28 U.S.C. § 2254. The

petition was ultimately dismissed with prejudice for lack of merit. *See Walker v. McTighe et al.*, Cause No. CV-18-28-BU-BMM-KLD, Ord. (D. Mont. Jan. 22, 2020).

As evidenced by the attachment to his present petition, Walker continued challenging his conviction in the state courts. *See generally* (Doc. 1-1.) Walker also filed a subsequent habeas petition in this Court. Walker was advised that this Court lacked the jurisdiction to consider any further challenges to his 2017 conviction unless he received leave from the Ninth Circuit Court of Appeals to file a successive petition. The petition was dismissed as an unauthorized second or successive habeas petition. *See Walker v. State*, Cause No. CV-22-81-BU-BMM-JTJ, Ord. (D. Mont. April 5, 2023.)

Additionally, Walker has unsuccessfully attempted to challenge his perceived infirmities in the state court system by filing a petition for a writ of mandamus. Walker requested a determination from this Court as to whether or not the State of Montana was misapplying federal law and further sought a Court mandate directing compliance. *See Walker v. State*, Cause No. CV-23-45-M-DLC-KLD, Pet. (filed May 8, 2023). The matter was dismissed as frivolous, and Walker was informed this Court lacked jurisdiction to hear the claims. *Walker v. State*, Cause No. CV-23-45-M-DLC-KLD, Ord. (D. Mont. May 17, 2023).

//

**Analysis**

As a preliminary matter, this Court lacks jurisdiction to act in the matter suggested by Walker. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, it would be entirely inappropriate for this Court to review the state district court's dismissal of Walker's civil filing.

But even if this Court had the ability to consider Walker's petition, he previously challenged his 2017 judgment of conviction. As set forth above, this Court considered the merits of Walker's claims and found that he was not entitled to federal habeas relief. *Walker v. McTighe et al.*, Cause No. CV-18-28-BU-

BMM-KLD, Ord. (D. Mont. Jan. 22, 2020). A subsequent challenge to the same judgment of conviction was denied as an unauthorized second or successive petition. *Walker v. State*, Cause No. CV-22-81-BU-BMM-JTJ, Ord. (D. Mont. April 5, 2023.) Walker was specifically advised that this Court lacks jurisdiction to hear a second petition, challenging his 2017 conviction, unless he first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. (*Id.* at 2-3)(*citing Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Walker's present petition suffers from the same jurisdictional deficiencies; it is precluded by statute. To the extent Walker intends to make new arguments, he may attempt to present those arguments to the Court of Appeals. As it stands, the present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

Walker is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Walker obtains leave from the Ninth Circuit Court of Appeals to file a

successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton*, 549 U.S. at 149. The matter will be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied. There is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, IT IS ORDERED that:

1. Walker's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Walker should refrain from making further challenges to his 2017 conviction via § 2254 petitions.

2. Walker's Motion to Proceed IFP (Doc. 2) is GRANTED. The

Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 30 day of July, 2024.

                                        Donald W. Molloy, District Judge
                                        United States District Court